**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| ANGELA SILVA<br><br>*Plaintiff*,<br><br>v.<br><br>SALIENT SYSTEMS CORPORATION,<br><br>*Defendant/Third-Party Plaintiff*,<br><br>v.<br><br>ADP TOTALSOURCE, INC.<br><br>*Third-Party Defendant.* | Case No. 1:23-cv-1243 |

## THIRD-PARTY DEFENDANT ADP TOTALSOURCE, INC.'S NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that Third-Party Defendant ADP Total Source, Inc. ("Third-Party Defendant" or "ADPTS"), by and through its undersigned counsel, hereby invokes this Court's jurisdiction under the provisions of 28 U.S.C. §§ 1331, 1441, and 1446, and states the following grounds in support of removal of the above-captioned matter:

**A.    State Court Action**

1.    On or about July 21, 2023, Plaintiff Angela Silva ("Plaintiff") through counsel, commenced the above-captioned action by filing her Original Petition ("Petition") in the 250th Judicial District Court of the State of Texas, Travis County, against Defendant Salient Systems Corporation ("Defendant/Third-Party Plaintiff" or "Salient") under the caption *Angela Silva v. Salient Systems Corporation*, Cause No. D-1-GN-23-003872 ("State Action").

2.    On or about September 11, 2023, Salient filed its Original Third-Party Petition in

the State Action against ADPTS in the 250th Judicial District Court of the State of Texas, Travis County ("Third-Party Petition").

3. On or about September 15, 2023, ADPTS was served with the Third-Party Petition.

**B.    Procedural Requirements**

4. Venue lies in the United States District Court for the Western District of Texas pursuant to 28 U.S.C. §§ 1391 and 1446(a) because the District embraces the 250th Judicial District Court of the State of Texas, Travis County, within which the State Action was filed.

5. The Original Petition, Third-Party Petition, and Salient's Answer constitute all process, pleadings, and orders that have been served upon Salient and ADPTS in the State Action to date. No further proceedings have been conducted in the State Action. ADPTS has not served an Answer or other responsive pleading to Salient's Third-Party Petition, nor made any appearance, argument, or request for relief in the State Action.

6. Pursuant to 28 U.S.C. § 1446(a), ADPTS files with this Notice an index of all documents filed in the State Action, including an accurate copy of all process, docket sheets, pleadings, and orders served upon Salient and ADPTS in the State Action. These documents are attached as Exhibit A.

**C.    Timeliness of Removal**

7. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) because it is filed with this Court within thirty (30) days after Salient's service of the Third-Party Petition upon ADPTS, and before any proceedings were had thereupon in the 250th Judicial District Court of the State of Texas, Travis County.

**D.    Grounds for Removal**

8. The State Action is being removed to this Court pursuant to 28 U.S.C. § 1331 based

on federal question jurisdiction, in that this action arises under the laws of the United States, namely the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001, *et. seq*. ERISA applies to "any employee benefit plan," if the plan is established or maintained by an employer or employee organization engaged in commerce or in any industry of activity affecting commerce. ERISA § 4(a)(1)-(2); 29 U.S.C. § 1003(a). An "employee benefit plan" is defined as an employee welfare benefit plan or an employee pension benefit plan. ERISA § 3(1); 29 U.S.C. § 1002(3).

9. In her Petition, Plaintiff alleges she was an employee of Salient, beginning her employment on December 10, 2010. Plaintiff further alleges that she elected to maintain long-term disability coverage, ostensibly through an employee benefit plan sponsored by Salient for its employees. *See* Petition, Sec. VI. Additionally, Plaintiff alleges that she became seriously ill during her employment, was unable to work, applied for long-term disability, and was rejected from receiving said benefits. *See* Petition, Sec. VI. Plaintiff maintains that Salient was responsible for providing long-term disability benefits for the duration of Plaintiff's employment. *See* Petition, Sec. VI. According to Plaintiff, Salient breached a fiduciary duty owed to Plaintiff in handling her benefits, breached an agreement with Plaintiff by failing to procure long-term disability coverage for its employees, and said actions amount to negligence on behalf of Salient. *See* Petition, Sec. VII-IX.

10. In its Third-Party Petition, Salient allegedly seeks to rectify ADPTS's "failure to provide a former Salient employee, Plaintiff Angela Silva, with long-term disability insurance." *See* Third-Party Petition, p. 1. Salient asserts that it entered into an "agreement" with ADPTS to "provide benefits to Salient employees" on June 7, 2021. *Id.* Salient alleges that prior to June 7, 2021, it coordinated benefits for its employees by "contracting with third-party benefits providers and also paying for some and/or all of those benefits on behalf of its employees." *See* Third-Party

Petition, para. 9. Thereafter, Salient entered into an agreement with ADPTS, which Salient believed included "voluntary benefits, including long-term disability." *Id.* para. 12. Salient brings a breach of contract claim against ADPTS for allegedly failing to provide long-term disability benefits to Plaintiff, failing to cooperate in the investigation of Plaintiff's claims, and for failing to indemnify, defend, and contribute to Salient in response to Plaintiff's claims. *See Id.* para. 25. Salient also brings a fraudulent inducement claim, alleging that ADPTS represented that it would enroll employees in voluntary, employee-paid benefits, including long-term disability. *See Id.* para. 30. Additionally, Salient seeks indemnification and contribution from ADPTS under the agreement entered into by Salient and ADPTS, as well as statutory contribution under Texas Civil Practice & Remedies Code § 33.015. *See Id.* paras. 39-50.

11. Both Plaintiff and Salient assert that Plaintiff should have been enrolled in a long-term disability plan (regardless of whether it was sponsored by Salient or ADPTS). As such, all of these claims necessarily implicate an employee benefit plan and are governed by ERISA. *Dowden v. Blue Cross & Blue Shield*, 126 F.3d 641, 643 (5th Cir. 1997) (holding that ERISA comprehensively regulates, inter alia, employee benefit welfare plans that provide medical care or benefits in the event of sickness through the purchase of insurance). The employee benefit plan at issue is an "employee welfare benefit plan" as that term is defined by ERISA, which includes "any plan, fund, or program…established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise…medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment." ERISA § 3(1)(A), 29 U.S.C. § 1002(1).

12. This action is therefore removable to this Court, because any claims for disability benefits under an "plan, fund or program … established or maintained by an employer [here, Salient] or by an employee organization [here, ADP]" necessarily arise under the federal law of ERISA through the doctrine of "complete preemption." ERISA § 502(a), 29 U.S.C. § 1132(a) (authorizing various forms of action by a plan participant for breach of fiduciary duty, to address violations of plan terms, and/or to obtain other appropriate equitable relief); *see also Aetna Health Inc. v. Davila,* 542 U.S. 200, 209 (2004).

13. Under the complete preemption doctrine, removal jurisdiction over a claim where the preemptive force of a statute is "so extraordinary that it converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Caterpillar, Inc. v. William*, 482 U.S. 386, 393 (1987)(internal citation and quotation marks omitted). Accordingly, removal to this Court is proper pursuant to 28 U.S.C. § 1331.

14. ERISA's civil enforcement provision, ERISA § 502(a), 29 U.S.C. § 1132(a), completely preempts state law claims that come within its scope and converts these state law claims into claims under ERISA § 502. *Davila,* 542 U.S. at 208-09; *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-65 (1987).

15. ERISA § 502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B) completely preempts and displaces state law claims, creating an exclusively federal cause of action for resolution of any lawsuits to recover benefits claimed due under the terms of an ERISA plan, to enforce rights under the terms of an ERISA plan, or to clarify rights to future benefits under the terms of an ERISA plan. *Taylor,* 481 U.S. at 67. Accordingly, when a complaint contains state law claims that fit within the scope of ERISA's civil enforcement provision (ERISA § 502(a), 29 U.S.C. §1323(a)), those claims are not dismissed, but converted or recharacterized into federal claims. This is the

case even when Plaintiff does not expressly plead an ERISA cause of action on the face of the Petition, because the remedies sought fall squarely within the scope of ERISA § 502(a). *See Memorial Hosp. Sys. v. Northbrook Life Ins. Co.*, 904 F.2d 236, 240 (5th Cir.1990).

16. Here, Plaintiff alleges breach of fiduciary duty and breach of contract with respect to the handling of her employee benefits (long-term disability) under an ERISA-governed employee benefit plan. Similarly, Salient alleges breach of contract, fraudulent inducement, indemnification, and contribution against ADPTS pursuant to an ERISA-governed employee benefit plan. In all scenarios, the recovery sought is the value of long-term disability benefits Plaintiff believes she is due under the long-term disability plan in which Plaintiff believed she was a participant. Accordingly, Plaintiff's and Salient's causes of action will be recharacterized as federal claims under ERISA § 502. *See Pilot Life Ins. v. Dedeaux*, 481 U.S. 41, 47 (1987).

17. The overarching "crucial question" for a complete preemption analysis "is whether [a plaintiff is] in fact seeking benefits under the terms of the plan, or rights that derive from" an independent source, such as separate contract. *Lone Star OB/GYN Assocs. v. Aetna Health, Inc.*, 579 F.3d 525, 529 (5th Cir. 2009). A legal duty is not independent of ERISA if it "derives entirely from the particular rights and obligations established by [ERISA] benefit plans." *Davila*, 542 U.S. at 210; *see also Ambulatory Infusion Therapy Specialists, Inc. v. Aetna Life Ins. Co.*, 2006 U.S. Dist. LEXIS 39268, 2006 WL 1663752, at *7 (S.D. Tex. June 13, 2006).

18. In this case, any legal duty would derive from the right and obligations found in connection with the employee benefit plan. Plaintiff seeks to recover damages from the alleged breach of duties relating to her employee benefit plan, clarification of her rights under the ERISA plan, and/or an enforcement of her rights under the ERISA plan. Similarly, Salient's claims arise entirely from the existence of its agreement with ADPTS regarding the subject and scope of the

employee benefit plan. Regardless of whether the benefits sought would be due from an long-term disability plan sponsored by Salient, or from a plan maintained by ADPTS for employees of its clients (like Salient), the outcome is the same: the claims all seek to recover the value of long-term disability benefits. Accordingly, any resolution of Plaintiff's and Salient's claims will necessarily require (a) an interpretation of the parties' rights to, or obligations under, the employee benefit plan, if any (including Plaintiff's participation in any long-term disability plan and her eligibility for long-term disability benefits); (b) a determination regarding Salient's fiduciary duties to Plaintiff, if any, in accordance with the employee benefit plan (*cf.* Petition, Sec. VII); and (c) a determination regarding ADPTS's contractual duties to Salient and/or Plaintiff, if any, in relation to the employee benefit plan. The resolution of these issues cannot be determined outside of ERISA under another independent legal theory. *See Davila,* 542 U.S. at 210. Therefore, Plaintiff and Salient's claims are removable to federal court under the complete preemption doctrine.

19.   Plaintiff's claims against Salient arise from an ERISA employee benefit plan, and require interpretation of Plaintiff's rights and Salient's rights or obligations under said plan, if any. Undoubtedly, Salient's claims against ADPTS, too, arise directly its alleged rights to the subject employee benefit plan. Thus, all claims in the State Action fall squarely within the scope of ERISA.

20.   This Court has original jurisdiction of ERISA actions under 28 U.S.C. § 1331 and, for claims involving alleged breach of fiduciary duty, breach of contract, fraudulent inducement, contribution, and indemnification under ERISA, this Court's jurisdiction is also exclusive. *See* ERISA § 502(e)(1); 29 U.S.C. § 1331. Removal jurisdiction therefore exists pursuant to 28 U.S.C. § 1441. As a result, this Action may be removed to Federal Court by ADPTS pursuant to § 1441.

E.   **Notice to Parties and State Court**

Upon filing of this Notice with the federal district court, ADPTS will give notice of this filing to Plaintiff and Salient, and will also file a copy of this Notice with the Clerk of the 250th Judicial District Court of Texas, Travis County, where the action is currently pending.

## CONCLUSION

**WHEREFORE,** Third-Party Defendant ADP Total Source, Inc. respectfully requests the removal of the State Action from the 250th District Court of the State of Texas, Travis County, to the United States District Court for Western District of Texas – Austin Division, so that all further proceedings in this action shall be held before this Court.

Dated: October 13, 2023                              Respectfully submitted,

*/s/: M. Wilson Stoker*_____
M. Wilson Stoker
State Bar No. 24076806
Wilson.Stoker@jacksonlewis.com
Brenda Alejo
State Bar No. 24122857
Brenda.Alejo@jacksonlewis.com
**Jackson Lewis, PC**
93 Red River Street, Suite 1150
Austin, Texas 78701
Telephone: (512) 362-7100
Facsimile: (512) 262-5574

**ATTORNEYS FOR THIRD-PARTY DEFENDANT ADP TOTAL SOURCE, INC.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 13, 2023, a true and correct copy of *Third-Party Defendant ADP's Notice of Removal* was served via the e-filing system with this Court on the following:

Jon Smith
3305 Northland Drive
Suite 500
Austin, Texas 78731
jon@jonmichaelsmith.com
**ATTORNEY FOR ANGELA SILVA**

Timothy Cleveland
Gerard F. Bifulco
Ben Dillon
CLEVELAND KRIST PLLC
303 Camp Craft Rd., Suite 325
West Lake Hills, Texas 78746
tcleveland@clevelandkrist.com
gbifulco@clevelandkrist.com
bdillon@clevelandkrist.com
**ATTORNEYS FOR SALIENT SYSTEMS CORPORATION**

*/s/: M. Wilson Stoker*_____
M. Wilson Stoker

4890-3153-6263, v. 3